UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JAMES P. LAMOUNTAIN,              )
doing business as                 )
Huguenot Farms @ Bondett Hill     )
"New Oxford" Massachusetts        )
circa 1687,                       )
         Plaintiff                )
                                  )
                v.                )   C.A. NO. 09-CV-40210-MAP
                                  )
ROBERT MCCOLLUM, ET AL.,          )
         Defendants               )


MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTIONS TO DISMISS
AND PLAINTIFF'S MOTION FOR
FINDINGS OF FACT AND RULINGS OF LAW
(Dkt. Nos. 24, 27 & 29)

April 16, 2010

PONSOR, D.J.

    Plaintiff, appearing pro se, has brought a civil rights
lawsuit against the Town of Holland, Massachusetts, one town
official, and two employees of the Wetlands Division of the
Massachusetts Department of Environmental Protection.
Plaintiff filed a motion for preliminary injunction (Dkt.
No. 6) and an amended motion for preliminary injunction
(Dkt. No. 19), which was set down for argument on January
29, 2010.  Shortly before argument, motions to dismiss were
filed by all Defendants (Dkt. Nos. 24 & 27) and a Motion for
Findings of Fact and Rulings of Law (Dkt. No. 29) was filed
by Plaintiff.  The opposition time for these three motions

had not run when counsel appeared for oral argument.

Following the hearing on January 29, the court denied Plaintiff's Amended Motion for Preliminary Motion, finding that Plaintiff had failed to demonstrate a likelihood of success on the merits.

At the hearing, the court gave counsel for Defendants and Plaintiff, pro se, until February 16, 2010 to file oppositions to the then-pending motions.  Defendants duly filed oppositions to Plaintiff's motion, but Plaintiff has failed to file any oppositions to Defendants' Motions to Dismiss.

Based upon the obvious merits of Defendants' Motions to Dismiss, and upon Plaintiff's failure to file any opposition, Defendants' Motions to Dismiss (Dkt. Nos. 24 & 27) are hereby ALLOWED.  A review of the record in associated litigation in state court makes it clear that the claims asserted in Counts II, III, IV, and V of the Complaint are barred by the "Rooker-Feldman" doctrine.[1]  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and

---

[1] Plaintiff's remaining false arrest claim (Count I) is not clearly barred by Rooker-Feldman.  However, as Defendants correctly argue in their unopposed motion to dismiss, Plaintiffs have failed to provide the well-pled allegations necessary to support this claim.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Count I, therefore, must also be dismissed.

<u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).  This doctrine "bars parties who lose in state court from 'seeking review and rejection of that judgment' in federal court."  <u>Puerto Ricans for P.R. Party v. Dalmau</u>, 544 F.3d 58, 68 (1st Cir. 2008)(quoting <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 291 (2005).  Given the fatal impact of the Rooker-Feldman doctrine on this litigation, Plaintiff's Motion for Findings of Fact and Rulings of Law (Dkt. No. 29) is hereby DENIED.[2]

The clerk will enter judgment for Defendants on all counts.  This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge

---

[2] To clarify the docket, Plaintiff's original Motion for Preliminary Injunction (Dkt. 6) is also hereby DENIED, as moot.  The court's earlier ruling on the Amended Motion for Preliminary Injunction (Dkt. No. 19) disposed of all issues related to this motion.